| | |
|---|---|
| JEFFREY D., | |
| Plaintiff, | No. 24-CV-1011-CJW-KEM |
| vs. | **REPORT AND RECOMMENDATION** |
| MICHELLE KING, Acting Commissioner of Social Security,[1] | |
| Defendant. | |

Plaintiff Jeffrey D. seeks judicial review of a final decision of the Commissioner of Social Security denying his applications for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. Plaintiff argues that the administrative law judge (ALJ), Kim A. Fields, erred by failing to include mental limitations in the residual functional capacity (RFC) at step four despite finding "mild" mental limitations at step two; by finding all medical opinions in the record unpersuasive; and in evaluating the opinions of the state agency consultants, which the ALJ said were both "partially persuasive" and "not persuasive." I recommend **affirming** the Commissioner's decision.

## I. BACKGROUND

Plaintiff worked as a mechanical engineer from 2003 through January 2020 for three different employers. AR 79.[2] He filed the current application for DI benefits on November 9, 2020, alleging disability since April 2020 based on fibromyalgia, cervical

---

[1] Michelle King is substituted for her predecessor in accordance with Federal Rule of Civil Procedure 25(d).

[2] "AR" refers to the administrative record filed in this case (Doc. 6).

stenosis, irritable bowel syndrome, depression, and complications due to infection. AR 74. The Social Security Administration denied his request for benefits on initial review in May 2021 and on reconsideration in July 2021. AR 73-89. In connection with those reviews, state agency consultants Jeffrey Stahl and Timothy Vermillion, DO, evaluated his physical RFC[3] and state agency psychological consultants Tiffany Iskander, PhD, and Jonathan Brandon, PhD, determined Plaintiff suffered no mental limitations that would interfere with his ability to work. AR 76-78, 84-87.

Plaintiff requested further review of the Social Security Administration's denial, and the ALJ held an administrative hearing by video on May 23, 2022. AR 11, 52-53. Both Plaintiff and a vocational expert (VE) testified at the hearing. *Id*. The ALJ issued a written opinion on June 7, 2022, following the five-step process outlined in the regulations[4] to determine whether Plaintiff was disabled during the relevant time period. AR 11-20. The ALJ found Plaintiff suffered from the following severe impairments: fibromyalgia, degenerative disc disease, and a thyroid disorder. AR 14. The ALJ recognized that Plaintiff suffered from anxiety and depression but determined they were nonsevere, finding that Plaintiff had no more than a minimal limitation in his ability to do basic mental work activities and that his depression and anxiety caused no more than mild limitation in any of the four mental functioning areas (the ALJ found Plaintiff had only mild limitation in understanding, remembering, or applying information; no limitation in interacting with others; mild limitation in concentrating, persisting, or

---

[3] RFC means "the most that a claimant can do despite her limitations." *Sloan v. Saul*, 933 F.3d 946, 949 (8th Cir. 2019).

[4] "During the five-step process, the ALJ considers (1) whether the claimant is gainfully employed, (2) whether the claimant has a severe impairment, (3) whether the impairment meets the criteria of any Social Security . . . listings, (4) whether the impairment prevents the claimant from performing past relevant work, and (5) whether the impairment necessarily prevents the claimant from doing any other work." *Grindley v. Kijakazi*, 9 F.4th 622, 628 (8th Cir. 2021) (quoting *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005)); *see also* **§ 404.1520(a)(4)**. The claimant bears the burden of persuasion to prove disability. *Goff*, 421 F.3d at 790.

maintaining pace; and no limitation in adapting or managing oneself). AR 14-15. To aid in steps four and five, the ALJ determined Plaintiff's RFC, finding Plaintiff could work with the following limitations:

> The claimant has the [RFC] to perform light work . . . except he can climb ramps and stairs frequently; climb ropes and ladders occasionally; and stoop, kneel, crouch, and crawl frequently.

AR 40-41. By definition, light work requires the ability to lift, carry, push, and pull 20 pounds occasionally and 10 pounds frequently, and to stand, walk, and sit approximately six hours in an eight-hour day.[5] Based on this RFC, the ALJ found Plaintiff could perform his past work as a mechanical engineer as generally and actually performed (light work per the Dictionary of Occupational Titles, sedentary to light work per the Plaintiff). AR 20. Thus, the ALJ found Plaintiff not disabled from April 6, 2020, through June 7, 2022. *Id*.

The Appeals Council denied Plaintiff's request for review on April 14, 2023 (AR 1-3), making the ALJ's decision that Plaintiff was not disabled the final decision of the Commissioner.[6] The Appeals Council granted Plaintiff's request for an extension to file his complaint in federal court, giving Plaintiff thirty days from the receipt of its letter dated March 13, 2024. AR 26. Plaintiff filed a timely complaint in this court on April 3, 2024 (Doc. 1).[7] The parties briefed the issues (Docs. 8, 10, 11) and the Honorable C.J. Williams, Chief Judge for the Northern District of Iowa, referred this case to me for a report and recommendation.

---

[5] *Holley v. Massanari*, 253 F.3d 1088, 1091 (8th Cir. 2001) (citing **20 C.F.R. § 404.1567(b)**; **Social Security Ruling (SSR) 83-10**, 1983 WL 31251, at *5-6 (Jan. 1, 1983)). Occasionally is a term of art meaning "very little up to one-third" (or two hours) of an eight-hour workday. **Dictionary of Occupational Titles**, App. C; **SSR 83-10**, 1983 WL 31251, at *5-6. Frequently means one-third to two-thirds (or six hours) of an eight-hour day. *Id.*

[6] *See* **20 C.F.R. § 404.981**.

[7] *See* **20 C.F.R. § 422.210(c)**.

## II.   DISCUSSION

So long as substantial evidence in the record as a whole supports the ALJ's decision, a reviewing court must affirm.[8] "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision."[9] The court "do[es] not reweigh the evidence or review the factual record de novo."[10] If, after reviewing the evidence, "it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, [the court] must affirm the decision."[11]

Plaintiff raises three legal arguments: if an ALJ finds "mild" limitations in mental functioning as part of the step two analysis, then the ALJ must include a mental limitation in the RFC; an ALJ substitutes his own opinion for the medical experts when an ALJ does not fully adopt any medical opinion; and an ALJ does not adequately evaluate a medical opinion when an ALJ says it is both "partially persuasive" and "not persuasive."

### A. "Mild" Mental Limitations at Step Two

Plaintiff argues that the ALJ erred by failing to include any mental RFC limitations after finding "mild" limitations in mental functioning at step two. At step two, once the ALJ finds the claimant suffers from a medically determinable impairment, the ALJ must next determine whether that impairment is severe.[12] An impairment is not severe if it "would have no more than a minimal effect on the claimant's ability to work."[13] For

---

[8] *Grindley*, 9 F.4th at 627; *accord* **42 U.S.C. § 405(g)**.

[9] *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007).

[10] *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994).

[11] *Robinson v. Sullivan*, 956 F.2d 836, 838 (8th Cir. 1992).

[12] **20 C.F.R. § 404.1521.**

[13] *Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003) (quoting *Simmons v. Massanari*, 264 F.3d 751, 755 (8th Cir. 2001)); *accord* **20 C.F.R. § 404.1522(a)**.

mental impairments, the ALJ must apply a "special technique" to evaluate their severity by analyzing "four broad functional areas . . . : [u]nderstand, remember, or apply information; interact with others; concentrate, persist, or maintain pace; and adapt or manage oneself."[14] Although subject to exception, as a general rule, if the claimant suffers no more than mild limitations in each category, the claimant's mental impairments are not severe.[15]

Here, at step two, the ALJ found that Plaintiff suffered mild limitation in understanding, remembering, or applying information, and mild limitation in concentrating, persisting, or maintaining pace. AR 15. For both findings, the ALJ noted that Plaintiff has denied significant depression-related symptoms like thoughts of self-harm; that he has sought treatment in the form of medication management but minimal counseling; and that objective examinations show intact attention and concentration, normal memory, goal-directed thoughts, and above-average intelligence. AR 15. The ALJ found no limitations in the other two mental-functioning areas and concluded Plaintiff's mental impairments would not affect his ability to do basic work activities more than minimally. *Id.*

The ALJ did not include any mental limitations in Plaintiff's RFC. AR 16. Plaintiff argues the ALJ erred in failing to include an RFC limitation corresponding to the "mild" limitations in understanding, remembering, or applying information, and in concentrating, persisting, or maintaining pace found at step two. I have previously recognized that district courts in the Eighth Circuit are split on this issue[16] and sided with

---

[14] **20 C.F.R. § 404.1520a(c)(3)**.

[15] **20 C.F.R. § 404.1520a(d)(1)**.

[16] *Rebecca E. W. v. O'Malley*, No. 22-CV-1028, 2024 WL 964443, at *3 (N.D. Iowa Mar. 6, 2024), *report and recommendation adopted,* 2024 WL 1283818 (Mar. 26, 2024).

5

those courts holding "[m]ild limitations identified at Step Two using the 'special technique' do not require corresponding RFC limitations."[17]

Here, when determining Plaintiff's RFC, the ALJ discussed treatment records related to claimant's fibromyalgia treatment and complaints of brain fog and fatigue. AR 18. The ALJ also noted the same evidence discussed at step two and concluded that the state agency psychological consultants' opinions finding no mental-functioning limitations were persuasive. AR 19. The basis for the ALJ's failure to include any mental-functioning limitations in Plaintiff's RFC is clear—the ALJ did not find Plaintiff's mental limitations would affect his ability to work. I do not recommend reversing simply because the ALJ found mild limitations as part of the step-two analysis.

### B. *Failure to Find Any Medical Opinion Persuasive*

The ALJ's RFC determination must be supported by at least some medical evidence from a medical professional that "addresses the claimant's ability to function in the workplace."[18] Plaintiff argues that the ALJ improperly substituted her lay opinion for that of the medical professionals because she did not find any physical RFC medical opinion fully persuasive.

Plaintiff's primary care provider submitted a letter stating that Plaintiff had "reached maximum medical improvement" and was unemployable due to a "combination of overlapping symptoms" with "extreme variability and unpredictable level of day to day function and debilitation." AR 574. The doctor directed the reader to his most recent treatment note, in which he outlined the history of Plaintiff's treatment and noted:

---

[17] *Coons v. O'Malley*, No. 23-CV-00113, 2024 WL 3694130, at *6-7 (E.D. Mo. Aug. 7, 2024) (footnote omitted) (quoting *Wymer v. Saul*, No. 19-CV-2616, 2021 WL 1889870, at *9 (E.D. Mo. May 11, 2021)) (collecting cases).

[18] *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001) (quoting *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001)).

> [Plaintiff] suffers from intermittent periods of severe brain fog and severe fatigue with increased peripheral neuropathy symptoms[,] balance[/]coordination issues[,] confusion[,] significant pain[,] stiffness[,] and headaches. He has good days followed by bad days. Good days he is moderately functional on bad days he can barely feed himself. And can do nothing of any higher executive function as such []he is essentially unemployable. As he would be marginal on his good days but completely unreliable on his bad days. And he has more than 50% bad days. . . . [He] continues to be essentially unemployable because of the inconsistency and persistent nature of his fibromyalgia symptoms which trigger[] flare[] up[s] of his peripheral neuropathy and unpredictable migraines.

AR 577. The ALJ found this opinion "not supported, as [the doctor] failed to provide a complete explanation as to his findings based on the available medical records," and "inconsistent with [the doctor's] own objective medical findings [and] . . . his colleagues['] findings" and therefore "not persuasive." AR 19.

The state agency consultants also evaluated Plaintiff's RFC, opining that he could occasionally lift 25 pounds; frequently lift 20 pounds; sit, stand, or walk for more than 6 hours in an 8-hour day, frequently climb ramps, stairs, stoop, kneel, crouch, and crawl; and occasionally climb ladders, ropes, and scaffolds. AR 77-78, 86-87. The ALJ stated that these opinions were "partially persuasive" (at the beginning of his analysis) and "not persuasive" (at the conclusion of his analysis). AR 18-19. The ALJ found the opinions "partially supported, as the consultants provided a complete explanation as to their conclusions that were grounded in the available medical records" and "partially consistent with the [documented] treatment and symptoms." *Id*. The ALJ found, however, that "the claimant is more appropriately limited to work at the light exertional level. *Id*. The ALJ noted the state agency consultants' opinions overall supported that "claimant is not as limited as alleged." *Id*.

The ALJ's RFC determination mirrored that of the state agency consultants, except that the ALJ found Plaintiff could lift 20 pounds occasionally and 10 pounds frequently, while the state agency consultants found Plaintiff could lift 25 pounds occasionally and

7

20 pounds frequently. AR 40-41. Thus, the ALJ found Plaintiff *more* limited than the state agency consultants. "[T]here is no requirement that an RFC finding be supported by a specific medical opinion."[19] Here, the ALJ considered the medical opinions and conducted an independent review of the medical evidence to formulate an RFC primarily supported by the state agency consultants' opinions, but slightly more limited. Under these circumstances, I recommend finding some medical evidence supported the ALJ's RFC determination.[20]

### C. The ALJ's Evaluation of the State Agency Consultants' Opinions

The regulations require the ALJ to "evaluate the persuasiveness of medical opinions" considering the following factors: (1) supportability, i.e., "the objective medical evidence and supporting explanations presented by a medical source" in support of his or her opinion; (2) consistency with "evidence from other medical sources and nonmedical sources"; (3) the relationship between the opinion's author and the claimant, such as whether the opinion is from a treating source; (4) whether the medical opinion is by a specialist; and (5) "other factors that tend to support or contradict a medical opinion," such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the Social Security Administration's] policies and evidentiary requirements."[21] The first two factors, supportability and consistency, are the most important.[22] The ALJ is required to "articulate how [the ALJ] considered the medical opinions" and "explain how [the ALJ] considered the

---

[19] ***Hensley v. Colvin***, 829 F.3d 926, 932 (8th Cir. 2016).

[20] *See **Julin v. Colvin***, 826 F.3d 1082, 1089 (8th Cir. 2016) (some medical evidence supported the ALJ's RFC determination when "context show[ed]" it incorporated some limitations found by the treating source and some limitations found by the state agency consultants).

[21] **20 C.F.R. § 404.1520c(a), (c)**.

[22] **20 C.F.R. § 404.1520c(a)**.

8

supportability and consistency factors."[23]

Plaintiff argues that remand is required because the ALJ first said that the state agency consultants' opinions were "partially persuasive," but later said they were "not persuasive." Plaintiff argues that the ALJ's "failure to acknowledge, let alone explain how she reconciled, this conflicting evidence creates a significant gap in the ALJ's rationale, . . . . especially considering the fact that the ALJ did not explain what parts of the opinion she found to be 'partially persuasive' and 'not persuasive.'" Doc. 8 at 20. As noted earlier, the ALJ's RFC adopted all the limitations found by the state agency consultants; the only difference was the ALJ imposed greater lifting restrictions than the state agency consultants (limiting Plaintiff to light work). Thus, it is apparent what part of the state agency consultants' opinions the ALJ found unpersuasive (the lifting restrictions). The ALJ's conclusion that the state agency consultants' opinions were not persuasive appears to have been a typo, as the ALJ adopted most of their opined limitations and found the opinions partially supported and partially consistent with the record. Because the ALJ's intentions here are clear, I do not recommend finding that this typo warrants remand.

### III. CONCLUSION

The court recommends **affirming** the Commissioner's decision.

Objections to this Report and Recommendation must be filed within fourteen days of service in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b). Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections.[24] Failure to object to the Report and Recommendation waives the right to *de*

---

[23] **20 C.F.R. § 404.1520c(a), (b)(2)**.

[24] **Fed. R. Civ. P. 72**.

*novo* review by the district court of any portion of the Report and Recommendation, as well as the right to appeal from the findings of fact contained therein.[25]

**DATED** February 4, 2025.

                                                  Kelly K.E. Mahoney
                                                 Chief Magistrate Judge
                                                 Northern District of Iowa

---

[25] *See United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).