# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| JEFFREY D.,[1] | No. 24-CV-1011-CJW-KEM |
| Plaintiff, | |
| vs. | **ORDER** |
| LELAND DUDEK, Acting Commissioner of Social Security, | |
| Defendant. | |

## I.     INTRODUCTION

This case is before the Court on a February 4, 2025 Report and Recommendation ("R&R") filed by the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge. (Doc. 13). Judge Mahoney recommends the Court affirm the decision rendered by the Commissioner of Social Security ("the Commissioner") denying Jeffrey D.'s ("Claimant") application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 United States Code, Sections 401–434. Neither party has objected to the R&R. The deadline for such objections has expired. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). For the reasons stated below, the Court **accepts** Judge Mahoney's R&R (Doc. 13) without modification.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

## II. APPLICABLE STANDARDS

### A. *Judicial Review of the Commissioner's Decision*

The Court must affirm the Commissioner's decision "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003). The Eighth Circuit describes the standard as "something less than the weight of the evidence [that] allows for the possibility of drawing two inconsistent conclusions." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but [it does] not re-weigh the evidence . . . ." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Hum. Servs.*, 879 F.2d 441, 444 (8th Cir. 1989) (citing *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987)). The Court, however, may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785,

789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B. *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). A district judge may, however, elect to review an R&R under a more exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does

> not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985).

## III.   BACKGROUND

The Court has reviewed the record and finds that Judge Mahoney accurately summarized the pertinent facts and procedural history of this case. (Doc. 13, at 1–3). In short, claimant worked as a mechanical engineer for a number of years before stopping due to symptoms of fibromyalgia, cervical stenosis, irritable bowel syndrome, depression, and complications due to infection. (*Id.*). Claimant filed for DIB on November 9, 2020, alleging disability since April 2020. (*Id.*). The Commissioner denied his benefits and he sought review by an Administrative Law Judge ("ALJ"). (*Id.*). Applying the five-step process outlined in the regulations for determining disability,[2] the ALJ found that claimant suffered from the severe impairments of fibromyalgia, degenerative disc disease, and a thyroid disorder. (*Id.*). Further, the ALJ found that claimant's depression and anxiety only mildly limited his ability to do basic mental work activities. (*Id.*). The ALJ found that claimant had the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR 404.1567(b) except he can climb ramps and stairs frequently; climb ropes and ladders occasionally; and stoop, kneel, crouch, and crawl frequently." (Doc 6-2, at 17). Accordingly, the ALJ found claimant not disabled and denied his application for DIB. (*Id.*, at 21).

---

[2] "During the five-step process, the ALJ considers (1) whether the claimant is gainfully employed, (2) whether the claimant has a severe impairment, (3) whether the impairment meets the criteria of any Social Security . . . listings, (4) whether the impairment prevents the claimant from performing past relevant work, and (5) whether the impairment necessarily prevents the claimant from doing any other work." *Grindley v. Kijakazi*, 9 F.4th 622, 628 (8th Cir. 2021) (quoting *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005)).

## IV. DISCUSSION

Claimant argued that the ALJ erred by failing to adopt one of the presented medical opinions in its entirety, and impermissibly substituting their own lay opinion. (Doc. 8, at 7–8). Claimant further argued that the ALJ erred by failing to include mental limitations in the RFC despite finding mild limitations earlier in his opinion. (*Id.*, at 12–13). Finally, claimant argued that the ALJ failed to properly evaluate the medical opinions of the state agency consultants. (*Id.*, at 18–19). Because claimant did not object to the R&R, the Court reviewed each ground for clear error. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996).

### A. *The ALJ's Use of Medical Opinions*

In her R&R, Judge Mahoney found that some medical evidence supported the ALJ's RFC determination. (Doc. 13 at 8). The ALJ found the medical opinion of claimant's primary care provider not persuasive because it was "inconsistent with the [provider's] own objective medical findings and was not based on available medical records. (AR 19)[3]. The ALJ found the medical opinion of state agency consultants partially persuasive and agreed with their conclusion that claimant was not as disabled as alleged. (*Id.*, at 17–18). Judge Mahoney showed that, in his final determination, the ALJ differed from the opinion of the state agency consultants only in the amount of weight that claimant was thought to be able to lift: 20 pounds occasionally and 10 pounds frequently, as opposed to the 25 pounds occasionally and 20 pounds frequently opined by the consultants. (Doc. 13 at 7–8). Ultimately, Judge Mahoney found the ALJ's opinion was supported by medical evidence, and that his slight departure from the medical opinion of the consultants was not error. The Court agrees with Judge Mahoney's analysis.

"[T]here is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). Rather, an ALJ's RFC

---

[3] "AR" refers to the administrative record filed in this case. (Doc. 6).

determination is sufficiently supported when "context shows" that they incorporated some limitations found by the treating source and some limitations found by the state agency consultants." *See Julin v. Colvin*, 826 F.3d 1082, 1089 (8th Cir. 2016).

Here, the ALJ primarily credited the opinions of state agency consultants who found little to no objective medical evidence to support claimant's subjective symptoms. (AR 19–20). The ALJ, however, exercised his discretion to formulate an RFC more beneficial to claimant than those recommended by the consultants. This is not error, as "the ALJ is not required to rely entirely on a particular physician's opinion or choose between opinions of any of the claimant's physicians." *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) (quoting *Schmidt v. Astrue*, 496 F.3d 833, 845 (7th Cir. 2007) (cleaned up). ALJs must consider the record in its entirety, and here, the ALJ "account[ed] for all symptoms related to [ ] claimant's severe impairments" and determined that they warranted a slight departure from the opinions of state agency consultants. *See Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016) (listing medical records, observations of treating physicians, and an individual's own description of his limitations as relevant evidence for claimant's RFC); (AR 20–21). The ALJ noted: "[t]he record indicates [ ] claimant is more appropriately limited to work at the light exertional level." (AR 18). For these reasons, the Court finds the ALJ's decision was adequately supported by medical evidence.

## B. *The ALJ's Exclusion of Mental Limitations in the RFC*

Claimant argued that the ALJ erred by not including any mental limitations in the final RFC after finding minor mental limitations during Step Two of the five step disability determination. (Doc. 8, at 12–13). In her R&R, Judge Mahoney recognized a split among the district courts of the Eighth Circuit, and ultimately sided with those courts holding mild limitations at Step Two do not require corresponding RFC limitations. (Doc. 13, at 5–6) (citing *Coons v. O'Malley*, No. 23-CV-00113, 2024 WL

3694130, at *6-7 (E.D. Mo. Aug. 7, 2024)).  The Court agrees with Judge Mahoney's analysis.

At Step Two of the disability determination, the ALJ determines whether a medically determinable impairment is severe.  20 C.F.R. § 404.1521.  For mental impairments, ALJs apply a special technique to evaluate their severity by analyzing four functional areas: understanding information, interacting with others, concentration, and self-management.  *Id*. at 404.1520a(c)(3).  Here, the ALJ found that claimant suffered mild limitations in understanding information and concentration, but ultimately concluded that his mental impairments would only minimally limit his ability to do basic work activities.  (AR 15).

Here, the ALJ did not include any mental functioning limitations in claimant's RFC because the ALJ did not find that claimant's mental limitations would effect his ability to work.  The regulations provide that if the Social Security Administration "rate[s] the degrees of your limitation as 'none' or 'mild' [at step two,] we will generally conclude that your impairment[ ] is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in your ability to do basic work activities." 20 C.F.R. § 404.1520a(d)(1).  This regulation suggests that a mild limitation at step two usually does not translate to a "more than minimal limitation in" claimant's ability to work and that minimal limitations need not be included in the RFC.  Thus, the Court finds the ALJ did not err by excluding mental limitations from claimant's RFC.

C.     *The ALJ's Evaluation of the State Agency Consultants' Opinions*

Last, claimant argued that the ALJ failed to properly evaluate the medical opinions of the state agency consultants.  (Doc. 8, at 17–21).  Claimant's argument is rooted in the ALJ's seemingly contradictory statements that the state agency consultants were "partially persuasive," and "not persuasive."  (AR at 18–19).  In her R&R, Judge Mahoney concluded that the ALJ's clear intentions indicate the contradiction was a typo.  (Doc. 13, at 9).  The Court agrees with Judge Mahoney's analysis.

7

Considering that the ALJ's ruling was almost identical to the opinion of the state agency consultants, it is reasonable to infer that the ALJ made a scrivener's error when the ALJ described that opinion as "not persuasive." "[A] deficiency in opinion-writing is not a sufficient reason for setting aside an administrative finding where the deficiency had no practical effect on the outcome of the case. . . . An ALJ's reasoning need only be clear enough to allow for appropriate judicial review.'" *Grindley v. Kijakazi*, 9 F.4th 622, 629, 631 (8th Cir. 2021) (quotation marks and citations omitted). Here, the error had no practical effect on the outcome of the case and thus is not grounds for reversal. *See Chismarich v. Berryhill*, 888 F.3d 978, 980 (8th Cir. 2018) ("In conducting our limited and deferential review of the final agency determination under the substantial-evidence standard, . . . we must strive to harmonize statements where possible; we may neither pick nits nor accept an appellant's invitation to rely upon perceived inconsistencies."). Thus, the Court agrees with Judge Mahoney and affirms the Commission's decision on this ground.

## V. CONCLUSION

For these reasons:

1. The Court **accepts** Judge Mahoney's R&R (Doc. 13) without modification. *See* 28 U.S.C. § 636(b)(1).

2. Consistent with Judge Mahoney's recommendation, the Commissioner's determination is **affirmed** and judgment will enter against claimant and in favor of the Commissioner.

**IT IS SO ORDERED** this 31st day of March, 2025.

_____
C.J. Williams, Chief Judge
United States District Court
Northern District of Iowa